**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MICHAEL GOINS** | : | **DOCKET NO. 05-1957** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **SOUTH ATLANTIC & GULF COAST DISTRICT, I.L.A. AFL-CIO, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Michael Goins filed the above-captioned suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana on October 20, 2005. On November 15, 2005, defendant, South Atlantic & Gulf Coast District, I.L.A. AFL-CIO, timely removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[1] Thereafter, on November 22, 2005, plaintiff filed a pleading entitled, "Plaintiff Opposition to I.L.A. District & Local 2047 Notice of Removal With Prejudice & Conflict Due to Worker Compensation Titles 45 And 33." [doc. # 5]. We construed the pleading as a motion to remand the case to state court. (*See*, November 29, 2005, Minute Entry).

On November 28, 2005, Magistrate Shemwell signed a Removal Order that is routinely entered in all removed cases. In response, plaintiff filed an "Objection to Removal Order Motion for Reconsideration Because of Prejudice." [doc. # 10]. The pleading was construed by the Clerk of Court as a motion to remand. [*See*, doc. # 11]. After delay for briefing, the "motions" [doc. #s

---

[1] The notice of removal does not specifically invoke 28 U.S.C. § 1331. However, removing defendant alleges that plaintiff's petition asserts claims under federal law. (*See*, Notice of Removal). Moreover, the civil cover sheet indicates that jurisdiction is premised upon federal question. (*See*, Doc. # 2, Exh. 2). Removing defendant will be permitted 11 days from today to file an amended notice of removal that specifically alleges federal question jurisdiction under 28 U.S.C. § 1331. *See*, 28 U.S.C. § 1653.

5 & 10] are now before the court.[2]

Discussion

"A state-court action may be removed to federal court if it qualifies as a 'civil action ... of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998)(citing 28 U.S.C. § 1441(a)). In this case, removing defendant contends that plaintiff's complaint seeks relief under federal law, and thus the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)). If any one of plaintiff's causes of action comes within the original jurisdiction of the federal courts, removal is proper as to the whole case. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 103 S.Ct. 2841 (1983).

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet, supra;* (citations omitted). Here, we need go no further than paragraph I of the petition wherein plaintiff alleges that the action is brought against union officials pursuant to 29 U.S.C. § 411(a)(1), (2) & (5). (Petition, ¶ I). This provision is part of the Landrum-Griffin Act, which confers enforcement jurisdiction upon the federal courts. 29 U.S.C. § 401, *et seq.*; *Clinton v. Hueston*, 308 F.2d 908 (5th Cir. 1962).

---

[2] These motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

Plaintiff also expressly seeks recovery under 29 U.S.C. § 501 which confers jurisdiction upon federal and state courts. (Petition, ¶ III). If that were not enough, plaintiff specifically invoked federal question jurisdiction, 28 U.S.C. § 1331. (Petition, ¶ IV).

In his opposition to removal, plaintiff argues that his claims arise under workers' compensation laws, and thus are non-removable. While 28 U.S.C. § 1445(c) plainly bars removal of civil actions arising under *state* workers' compensation laws, the statute makes no mention of workers' compensation actions arising under *federal* law. *See*, 28 U.S.C. § 1445(c). Here, plaintiff's opposition memorandum unmistakably confirms that his workers' compensation claim arises under federal law via the Longshore and Harbor Workers Act, 33 U.S.C. § 901, *et seq*. (Opp. Memo, ¶¶ 1, 4, and 11). Accordingly, removal is not barred.

In his memorandum, plaintiff reserves his purported right to delete any references to federal law in his petition that conferred federal and removal jurisdiction. (Opp. Memo., ¶ 6). However, post-removal amendments that delete federal claims do not divest a federal court of subject matter jurisdiction. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994)(citation omitted).

Turning to plaintiff's pleading captioned, "Objection to Removal Order Motion for Reconsideration Because of Prejudice," we reiterate that removal orders are routinely entered in cases removed from state court. Removal orders do not address the merits of removal or subject matter jurisdiction.[3]

In sum, plaintiff's express reliance upon federal remedies confers original federal jurisdiction over those claims, and we may exercise supplemental jurisdiction over the remaining

---

[3] We observe that in his Objection, plaintiff rendered several sensational and unsubstantiated charges against the judges and Clerks of the Western District of Louisiana. We attribute these comments to plaintiff's frustration with the outcome of prior litigation in the Western District. Nevertheless, plaintiff is cautioned that further allegations of a similar vein may result in sanctions and/or contempt of court proceedings.

state law claims, as necessary.  28 U.S.C. §§ 1331, 1441, & 1367.  Removal was proper.

Accordingly,

IT IS RECOMMENDED that plaintiff's motions to remand [doc. #s 5 & 10] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of January, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE