RECEIVED
IN LAKE CHARLES, LA

FEB - 8 2006

ROGER H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL GOINS** | : | **DOCKET NO. 05 CV 1957** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **SOUTH ATLANTIC & GULF COAST DISTRICT, I.L.A. AFL-CIO, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" filed by defendant, P&O Ports, Louisiana, Inc. (incorrectly named as "P and O Ports, Inc. Louisiana"), (doc.#14) wherein the mover seeks summary judgment in its favor dismissing the plaintiff, Michael Goins' claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed no opposition to the motion for summary judgment.

## FACTUAL STATEMENT

Plaintiff, Michael Goins, was a longshoreman working at the port of Lake Charles. Goins was employed by Lake Charles Stevedores, Inc through the International Longshoremen's Association (AFL-CIO). Goins' allegations center on the refusal to pay benefits he claimed are owed pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] As to issues which

---

[1] Fed. R.Civ. P. 56(c).

the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[2] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[3] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[4] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[5] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

## LAW AND ANALYSIS

Goins alleges that P&O Ports, Louisiana, Inc. ("P&O") failed to provide medical services, treatment, and weekly benefits for job-sustained injuries.[7] Goins further alleges that P&O (1) interfered with union business and rights of employees covered under the National Labor Relations Act of 1959, (2) did not provide Goins an equal opportunity to key jobs and job training, and (3) by not setting up a fair, impartial and adequate Grievance And Arbitration Committee, free of

---

[2] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Anderson*, 477 U.S. at 249-50.

[7] Petition for Review, ¶ VI.

supervisors as quoted in the Collective Bargaining Agreement.[8]

Goins has never been employed by or performed longshore services for P&O.[9] Lake Charles Stevedores, Inc. is a separate and distinct corporate entity from P&O Ports, Louisiana, Inc. Goins brings claims pursuant to the Longshore and Harbor Workers' Compensation Act.[10] That Act is a workers' compensation scheme that covers workplace injuries to longshoremen. Remedies under that Act are based on an employer-employee relationship. The other allegations made by Goins against P&O, as previously stated, are likewise based on an employer-employee relationship. It is undisputed that Goins was never employed by P&O. Accordingly, there is no genuine issue of material fact and the motion for summary judgment will be granted.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted, dismissing all of plaintiff, Michael Goins' claims against defendant, P&O Ports Louisiana, Inc., with prejudice at plaintiff's cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of February, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Petition for Review, ¶ VI.

[9] Affidavit of Mark S. Cummings, Def. Exhibit #1.

[10] 33 U.S.C. § 901, *et seq.*

3