U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 1 7 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL GOINS** | : | **DOCKET NO. 05-1957** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **SOUTH ATLANTIC & GULF DISTRICT ILAAFL-C, et al** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court are three motions: (1) "Motion for Summary Judgment of I.L.A. Local 2047 Officials" (doc. #46), (2) "Motion for Summary Judgment" (doc. #42) filed by defendant, South Atlantic & Gulf Coast District, ILA, AFL-CIO, and (3) "Motion for Summary Judgment of James J. Flanagan Shipping Corporation" (doc. #49).

## FACTUAL STATEMENT

Plaintiff, Michael Goins, was a longshoreman working at the Port of Lake Charles. He was employed by Lake Charles Stevedores, Inc. through the International Longshoremen's Association. Mr. Goins makes the following allegations in his Complaint:(1) Defendants, South Atlantic & Gulf Coast District, ILA, AFL-CIO ("South Atlantic") and I.L.A. Local 2047 ("Local 2047") failed to protect Goins' interest in Employer's Group Insurance Coverage and yearly Container Royalty Supplemental check pursuant to Title 29 U.S.C. § 101(a)(2), § 1983, 511(a)(1)(2) and 5,[1] (2) Defendants, South Atlantic and Local 2047 failed to process timely, adequately and effectively Goins' grievances according to the Collective Bargaining Agreement pursuant to Title 29 U.S.C. §

---

[1] Complaint, ¶ ¶ I and II.

501, § 160, 158, § 411(a)(1)(2) and 101(a)(2), 101(b)(II),[2] (3) Defendants, South Atlantic and Local 2047 failed to take action on Goins' behalf regarding his "rights, benefits and working conditions covered and protected by wage and overtime laws/rights pursuant to Title 28 U.S.C. 1291 and 1331, Title 29 U.S.C. 101(a)(b)(c), 201, 301, 410, 411 (a)(b)(c), (1)(2)(3)(4) etc., a 1 501 and Louisiana Civil Code article 3492",[3] (4) Defendants, South Atlantic and Local 2047 failed to protect the interest of employees, allowed employees to handle grievances outside of the guidelines in the Collective Bargaining Agreement, falsely operated under the representation that there was collective bargaining agreement in place when there was not, and allowed defendant, James J. Flanagan to hire non-union labor, wrongly take services charges out of employees' payroll checks, used illegal hiring practices, failed to pay employees in a timely manner, and used union officials as supervisors,[4] (5) defendants, James J. Flanagan Shipping Corp. ("Flanagan") and P&O Ports Inc. ("P&O"),[5] failed to provide medical services and treatment to Goins for injuries sustained on the job, as well as weekly benefits,[6] (6) Flanagan and P&O interfered with union business,[7] (7) Flanagan and P&O failed to afford Goins an equal opportunity to key jobs and training,[8] (8) Flanagan and P&O failed to set up a fair, impartial and adequate Grievance and Arbitration Committee pursuant to the Collective Bargaining

---

[2] Complaint, ¶ III.

[3] Complaint, ¶ IV.

[4] Complaint, ¶ V.

[5] P&O Ports, Louisiana was dismissed with prejudice on February 8, 2006.  See Memorandum Ruling and Judgment (docs. #30 and 31).

[6] Complaint, ¶ VI.

[7] *Id.*

[8] *Id.*

Agreement. Goins also seeks an injunction against local and district officials from using union funds to pay their legal counsel fees[9] and an injunction against all defendants to refrain from any indigenous actions against Goins which have caused great hardships and economic disadvantages to Goins' livelihood and means for caring for his family.[10]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[11] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[12] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[13] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[14] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[15] The burden

---

[9] Complaint, ¶ VII c.

[10] Complaint, ¶ VII d.

[11] Fed. R.Civ. P. 56(c).

[12] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[13] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[14] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[15] *Anderson,* 477 U.S. at 249.

3

requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[16] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[17] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[18]

## LAW AND ANALYSIS

*Motion for summary judgment by South Atlantic*

South Atlantic maintains that it should be dismissed because, there is no agency relationship between it and Local 2047. South Atlantic argues that it did not instigate, approve or ratify any of the alleged misconduct of Local Union 2047. In *Carbon Fuel Co. v. United Mine Workers,*[19] the court concluded that in order to hold an international union liable for the acts of its subordinate bodies, an agency relationship must be established. South Atlantic concedes it is not the "international union," but is instead in a similar relationship. South Atlantic is an intermediate labor organization and a subordinate of the International Longshoremen's Association. Its membership consists of labor unions representing longshoremen and related crafts in Ports located in the Gulf of Mexico and the South Atlantic Ocean. Local 2047 is a member of South Atlantic. South Atlantic submits that it and the local union have separate officers, treasuries and scopes of membership.

---

[16] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[18] *Anderson,* 477 U.S. at 249-50.

[19] 444 U.S. 212 (1979).

4

South Atlantic points out that Goins has not alleged that South Atlantic ratified or approved any of the alleged misconduct of its affiliate, Local 2047. The Court finds merit to South Atlantic's argument and concludes that Goins has failed to submit summary judgment evidence to establish an agency relationship between Local 2047 and South Atlantic. Accordingly, the Court finds that South Atlantic should be dismissed with prejudice.

*Motion for summary judgment by Flanagan*

Flanagan maintains that any claims asserted by Goins on behalf of his fellow longshoremen must be dismissed because the petition was not filed as a class action. In *Landry v. Sabine Independent Seaman's Assoc.,*[20] the Court held that recovery would be limited to only the individually named plaintiff since the suit was not brought as a class action and no other union members were joined as plaintiffs. Accordingly, any claims asserted on behalf of any other longshoremen, union members, or any other individuals will be dismissed.

Flanagan maintains that Goins' claims for medical benefits, treatment, and for workmen's compensation for the injuries he sustained on July 6, 2004 while in the employ of Flanagan must be dismissed because Goins' exclusive remedy is under the Longshore and Harbor Workers' Compensation Act.[21] When the facts are such that there is no doubt that the injured employee meets the situs and status requirements of the Longshore Act, the provisions of the Act must be applied, and when such a party tries to pursue a claim in Federal Court, his claims must be dismissed because of the exclusivity provisions of the Act.[22] Accordingly, this claim against Flanagan will be

---

[20]  623 F.2d 347, 350 (5th Cir. 1980).

[21]  22 U.S.C. § 900, *et seq.*

[22]  *Fontenot v. AWI, Inc.,* 93 F.2d 1127 (5th Cir. 1991).

5

dismissed.

Goins alleges that Flanagan committed covert tactics to interfere with union business in disregard for employees' rights under the National Labor Relations Act of 1959. Goins has failed to allege facts to support these vague and conclusory allegations and has failed to state a cause of action which this Court could grant relief. Accordingly, this claim will also be dismissed.

Goins alleges that he was not afforded an equal opportunity to key jobs, training as an operator, and/or that Flanagan failed to post job openings. Again, these are vague and conclusory allegations without any factual allegations or evidence to support them. Goins has failed to allege sufficient facts to state a cause of action and he has failed to submit any evidence to support his allegations. Accordingly, this claim will be dismissed.

Goins alleges that Flanagan failed to set up a fair, impartial and adequate Grievance and Arbitration Committee free of supervisors. Again, this is a vague and conclusory allegation and fails to state any basis that would give rise to a cause of action. Hence, this claim will be dismissed.

After reviewing and considering all of the claims made against defendant, Flanagan, the Court finds that all claims against this defendant will be dismissed because Goins has failed to allege sufficient facts to state a cause of action for which relief may be granted, he has failed to submit any summary judgment evidence to support his allegations, and he has failed to provide any basis for a justiciable claim.

*Motion for summary judgment by Local 2047*

Local 2047 maintains that Goins lacks standing to assert claims on behalf of union members because he did not file a class action. The Court agrees for the reasons set forth above regarding Flanagan's motion for summary judgment and will dismiss any said claims being made on behalf

of union members.

Goins alleges that Local 2047 and South Atlantic failed "to do their duty of representation owed Goins between November 18, 2004 and the present day, August 29, 2005."[23] Goins cites Title 29 U.S.C. § 411(a)(1)(2) and (5) as the basis for this claim. This allegation is so vague and devoid of specific facts, that the Court is unable to determine the cause of action that is being asserted by Goins. As noted by defendant, Local 2047, the Complaint is deficient of any specific factual allegations that would give rise to a violation of the above referenced statutory provisions. Accordingly, this claim will be dismissed.

Goins alleges that Local 2047 and South Atlantic did not protect "Goins' interest in Employer's Group Insurance Coverage and yearly Container Royalty Supplement check on about November 18, 2004 through February 17, 2005"[24] pursuant to Title 29 U.S.C. § 101(a)(2), § 1983, § 411(a)(1)(2) and 5.[25] The § 1983 claim requires the defendant to be a state actor. Goins has not alleged that either Local 2047 or South Atlantic is a state actor, nor has he submitted summary judgment evidence of the same. Local 2047 has submitted summary judgment evidence to establish that Goins filed an appeal with the Houston office in an attempt to maintain his health coverage. In response, the office requested that he produce additional medical documentation to support his claims of disability. Because Goins did not produce the requisite documents, the appeal was dismissed. Goins' Complaint does not allege sufficient facts for this Court to determine the allegations being made against Local 2047 and South Atlantic. Goins cannot rely on mere

---

[23] Complaint, ¶ I.

[24] Complaint, ¶ II.

[25] *Id.*

conclusory allegations unsupported by facts and appropriate summary judgment evidence. Accordingly, any such claims against Local 2047 and South Atlantic will be dismissed.

Goins alleges that Local 2047 and South Atlantic failed to process Goins' grievances timely, adequately, and effectively to get to the arbitration stage of the grievance process according to the Collective Bargaining Agreement in violation of Title 29 U.S.C. § 501, § 160, 158 § 411(a)(1)(2) and 101(a)(2), 101(b)(II).[26]  Again, Goins has failed to allege sufficient facts for this Court to consider the alleged grievances these Defendants failed to process timely, adequately and effectively. Furthermore, there is no allegation that Goins pursued or exhausted any administrative remedies. Finally, Goins does not provide a basis for the Court's jurisdiction over this claim.  Accordingly, this claim will be dismissed.

Goins alleges that Local 2047 and South Atlantic violated "Title 28 U.S.C. 1291 and 1331, Title 29 U.S.C 101(a)(b)(c), 201, 301, 410, 411(a)(b)(c), (1)(2)(3)(4) etc a 1 and 501" and Louisiana Civil Code articles 2292, 2294, 2301 and 3492 "[f]rom June 17, 1996 to August 29, 2005, by way of inaction or no action in [sic] behalf of Goins rights, benefits and working conditions covered and protected by wage and overtime laws/rights to be represented by persons not employed in supervisory and management positions."[27]

29 U.S.C. 301 was repealed on September 2, 1974. 29 U.S.C. 410 does not exist. 28 U.S.C. 1291 and 18 U.S.C. 1331 are not relevant to this matter or give rise to any liability. Louisiana Civil Code article 2301 has no bearing whatsoever to this matter.

Louisiana Civil Code articles 2292 and 2294 pertain to the affairs of managers. Goins has

---

[26] Complaint, ¶ III.

[27] Complaint, ¶ IV.

failed to allege any specific facts that relate in any way to the affairs of managers. Goins has failed to allege any specific facts as to how Local 2047 and South Atlantic allegedly violated 29 U.S.C. § 411 and 101. 29 U.S.C. 501 provides the fiduciary obligations of officers, agents, shop stewards and other representatives of a labor organization. The Complaint is devoid of specific violations of Goins' rights, benefits, work conditions, what wage and overtime rights were involved and when, and specifically which persons of supervisory and management positions acted to harm Goins. Furthermore, the statute requires that a claimant must request the labor organization to sue for recovery of the breach of the fiduciary obligations. The Complaint is devoid of any facts that would suggest that Goins has complied with the requirements set forth in the statute before filing suit. Accordingly, this claim will be dismissed.

Goins alleges that Local 2047 and South Atlantic, "[b]y way of taxation without representation since December 1995 through August 29, 2005, (a) [d]id not protect the interest of employees that they were elected to represent the conditions of pay, overtime and union dues and services charges, (b) [a]llowed the employer to handle grievances outside the guidelines provided for in the Collective Bargaining Agreement, (c) [o]perated under falsehood that there was a collective bargaining agreement in place, all the while knowing there was none, (d) [a]llowed defendant #3, James J. Flanagan to hire non-union labor, to wrongly take service charges out of employees weekly payroll checks, to be part of the Employers Association CBA when in fact knowing that this employer has violated rights of employees, used illegal [sic] hiring practices, not paid wages owed employees in a timely manner, and used union officials as supervisors by way of out signing on with the Employers Association in good faith."[28]

---

[28] Complaint, ¶ V.

The Complaint is devoid of facts sufficient for this Court to determine what allegations are being made against Local 2047 and South Atlantic, and whether or not these claims, if even viable, have prescribed.[29] Furthermore, the allegations are vague, conclusory and insufficient to state a cause of action for which this Court could grant relief. Accordingly, these claims will be dismissed.

*Injunctions*

Goins seeks to have this Court enjoin the local and district officials from using union funds to pay their legal counsel fees. Goins does not cite or articulate any case law or specific statutory law that would support a legal basis for such an injunction. Furthermore, Goins fails to allege sufficient facts or legal basis for this Court to consider granting an injunction.

Goins also asks for a preliminary injunction against the named defendants to enjoin said defendants from any indigenous actions against him which have caused him great hardships and economic disadvantages. Because the Court has dismissed all claims asserted by Goins, there is no basis for granting a preliminary injunction against any of the Defendants. Accordingly, the requests for preliminary injunctions will be denied as moot.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by defendant, I.L.A. Local 2047 Officials will be granted dismissing with prejudice all claims against this defendant at plaintiff, Michael Goins' costs; the motion for summary judgment field by defendant, South Atlantic & Gulf Coast District, ILA, AFL-CIO will be granted dismissing with prejudice all claims against

---

[29] Local 2047 has adequately briefed their argument that in Louisiana a one-year prescriptive period would apply to the claims alleged by Goins. The Court is convinced that indeed a one year liberative prescriptive period would apply, just as Judge Little ruled in Goins' previous litigation. *Michael J. Goins v. I.L.A. Local 2047 Executive Board*, Civil Action No. 1:98-0180 (5th Cir. 2000).

this defendant at plaintiff's costs; the motion for summary judgment filed by James J. Flanagan

Shipping Corporation will be granted dismissing with prejudice all claims against this defendant at

plaintiff's costs; and the requests for preliminary injunctions will be denied.

    THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _17th_ day of

April, 2007.

 

                                                            JAMES T. TRIMBLE, JR.
                                                            UNITED STATES DISTRICT JUDGE